## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

KEVIN M. FISHER,                    :

       Plaintiff,                :

vs.                                 :          CA 08-0062-C

MICHAEL J. ASTRUE,                  :
Commissioner of Social Security,
                             :
       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. 636(c), for all proceedings in this Court. (Doc. 19 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings."); *see also* Doc. 20 (order of reference)) Upon consideration of

the administrative record, plaintiff's brief, the Commissioner's brief, and the parties' arguments at the September 17, 2008 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to low back pain, status-post right shoulder surgery, degenerative disc disease, and history of chronic obstructive pulmonary disease. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: low back pain, status post right shoulder surgery, some degenerative joint disease and history of chronic obstructive pulmonary disease (20 CFR 404.1520(c) and 416.920(c)).**
>
> **4.     The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> **5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, which involves**

---

[1]     Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Doc. 19 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

**lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds, standing or walking, off and on, for a total of approximately six hours of an eight hour workday, and sitting for six hours of an eight hour workday not involving reaching or lifting overhead.**

.    .    .

On July 6, 2006, Dr. Roberts completed a physical capacity evaluation and was of the opinion that the claimant could lift 10 pounds occasionally and 5 pounds frequently. He could sit for 2 hours during an 8-hour workday and stand/walk for 1 hour during an 8-hour workday. He could rarely bend and/or stoop, occasionally push and pull arm and/or leg controls, climb stairs or ladders, balance, perform gross manipulation, reach (including overhead), operate motor vehicles, work with or around hazardous machinery and be exposed to allergies, dust, etc. He could frequently perform fine manipulation. Dr. Roberts was of the opinion that the claimant would likely be absent from work 4 days per month as a result of his impairments or treatment. Dr. Roberts was of the further opinion that the claimant's pain is present to such an extent a[s] to be distracting to adequate performance of daily activities or work. . . . On December 15, 2006 an MRI of the lumbar spine showed that the visual vertebral bodies were of normal height and in normal alignment with no fractures or significant focal osseous signal abnormalities. The visualized portion of the spinal cord appeared within normal limits. At T12-L1, there was a right paracentral protrusion, which did not result in significant narrowing. There was mild desiccation noted at multiple levels. At L3-4 there was a minimal broad-based disc bulge with some increased T2 signal noted within the posterior periphery of the disc centrally, which might be seen with an annular tear. There was also mild facet joint osteoarthropathy. The findings result in minimal canal and no definite foraminal narrowing. At L4-5 there was a broad-based disc bulge and mild facet joint osteoarthropathy. The findings do not result in any central canal narrowing. There was mild to moderate bilateral foraminal

narrowing, however. At L5-S1, there was mild to moderate facet joint osteoarthropathy, which resulted in mild bilateral foraminal narrowing. No canal narrowing was seen. There are Tarlov cysts noted on the left at the S2 level with remodeling of the overlying bone. The impression was multilevel degenerative changes as described above (Exhibits 12F, 13F and 15F).

.       .       .

The medical evidence does indicate that the claimant has back pain, and, as shown by an MRI taken in December 2006, he has multilevel degenerative changes. However, these changes are only mild to moderate and would not preclude the claimant from all exertional work activity.

Dr. Roberts is given less weight. His progress notes are very brief and show only treatment with medications, including the narcotic Oxycontin, which he has been prescribing the claimant for many years. It does not appear that Dr. Roberts has offered much else in the way of treatment. Dr. Roberts' functional limitations of the claimant are felt to be too restrictive given the medical evidence as a whole, as shown above. Therefore, the Administrative Law Judge is convinced that the claimant would not be precluded from performing light unskilled work activity.

**6.      The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

.       .       .

**7.      The claimant was born on August 13, 1957 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).**

**8.      The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

4

**9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966).**

.     .     .

If the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by Medical-Vocational Rule 202.18. However, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. The vocational expert testified that given all of these factors the individual would be able to perform the requirements of representative occupations such as parking attendant with 45,000 jobs in existence nationally, production assemble with 333,680 jobs in existence nationally and housekeeping with 1,473,000 jobs in existence nationally.

.     .     .

**11.     The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 18-19, 21-22, 22, 22-23, 23-24 & 24 (emphasis in original)) The Appeals Council affirmed the ALJ's decision (Tr. 3-5) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## **DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Court is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform those light jobs identified by the vocational expert ("VE"), is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, plaintiff contends that the following errors were made: (1) the ALJ erred in rejecting the opinions of the treating physician, Dr. Mark Roberts; (2) the ALJ erred in failing to provide reasons for his implied rejection of the contrary opinion of the non-examining state agency medical consultant; and (3) the ALJ failed to meet his fifth-step burden. Because the undersigned agrees with the plaintiff that the ALJ failed to meet his fifth-step burden, there is no need to address the other assignments of error raised by Fisher. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear that the burden is on the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v.*

7

*Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or, where available, by the residual functional capacity assessment of a non-examining, reviewing physician,[2] *see, e.g., Cosey v. Astrue,* 2008 WL 2561585 (S.D. Ala.), but instead, this fifth-step burden must be supported by the residual functional capacity assessment of a treating or examining physician. Such an assessment particularly is warranted where, as here, the ALJ has rejected the only RFC assessment in the record completed by an examining physician. (*Compare* Tr. 23 ("Dr. Roberts' functional limitations of the claimant are felt to be too restrictive given the medical evidence as a whole[.]") *with* Tr. 181 (Dr. Roberts' PCE)) The ALJ specifically rejected the physical capacities evaluation form completed by plaintiff's treating physician, Dr. Mark Roberts, same establishing Fisher's inability to perform any work (*see* Tr. 253 (VE's testimony that based upon Dr. Roberts' assessment, plaintiff would be incapable of performing any work)). Having rejected Dr. Roberts' PCE, the ALJ purports to rely upon the medical evidence as a whole (Tr. 23), particularly certain MRI findings (*see* Tr. 22), to establish that

---

[2]      The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

plaintiff can perform the physical requirements of light work. However, nowhere in the record does any physician equate the MRI findings or other findings in the "record as a whole" to the ability to perform light work activity. Instead, the ALJ performs this function while at the same time rejecting Dr. Roberts' PCE. This was error, *cf. Wind v. Barnhart,* 133 Fed.Appx. 684, 694, 2005 WL 1317040, *8 (11th Cir. 2005) ("The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, no[t] mere intuition or conjecture."), and need be corrected on remand.

In other words, having rejected Roberts' physical RFC assessment, the ALJ necessarily had to point to another PCE which supported his fifth-step determination that plaintiff can perform light work activity. Because this record contains no physical RFC assessment, other than the rejected PCE completed by Dr. Roberts, there is simply no basis upon which this Court can find that the ALJ's light work RFC determination is supported by substantial evidence. There is no evidence whatsoever which establishes that plaintiff can perform the physical requirements of light work and, certainly, an ALJ's RFC determination must be supported by substantial and tangible evidence, not mere intuition or conjecture regarding what the evidence of record as a whole

equates to in terms of physical abilities. *Cf. Cole v. Barnhart*, 293 F.Supp.2d 1234, 1242 (D.Kan. 2003) ("The ALJ is responsible for making a RFC determination, and he must link his findings to substantial evidence in the record and explain his decision.").

The Commissioner has not satisfied his fifth-step burden of proving that Fisher is capable of performing other work existing in significant numbers in the national economy and therefore, the Commissioner's decision denying claimant benefits is reversed and remanded for further proceedings not inconsistent with this decision.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision.  The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over

this matter.

**DONE** and **ORDERED** this the 23rd day of September, 2008.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**